RECEIVED

MAY - 2 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES HEFREN | CIVIL ACTION NO.: 12-1899 |
| VERSUS | JUDGE DOHERTY |
| MURPHY EXPLORATION & PRODUCTION CO., USA | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a Motion for Summary Judgment [Doc. 26], filed by defendant Murphy Exploration & Production Co., USA ("Murphy").

In its motion, Murphy seeks judgment in its favor, arguing it is statutorily immune from suit by virtue of the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33, U.S.C. §901, *et seq.*, which governs plaintiff's available remedies and bars any tort-based recovery by the plaintiff from Murphy.[1] In support of its argument, Murphy alleges the following undisputed facts:

- Plaintiff worked for Murphy and exclusively on the Front Runner spar platform at all times relevant to this litigation;

- At the time of his accident, Plaintiff was working for Murphy on the Front Runner spar platform as a Lead Operator;

- The Front Runner is permanently affixed to the sea floor in Green Canyon Block 338 on the Outer Continental Shelf (OCS) of the Gulf of Mexico;

- From its permanently affixed position in Green Canyon Block 338 of the OCS, the Front Runner is utilized to explore, develop, produce, and transport resources from the OCS in furtherance of Murphy's oil and gas exploration,

---

[1] Plaintiff originally filed his lawsuit in the 16h Judicial District Court for the Parish of St. Mary, State of Louisiana, alleging that he was injured while employed as a seaman for Murphy. Plaintiff asserted claims under the Jones Act, 46 U.S.C. § 30104, as well as general maritime law in reliance upon the "savings to suitors clause." In his ruling denying plaintiff's motion to remand, the magistrate judge concluded the Front Runner spar is not a vessel, the plaintiff cannot be considered a seaman, and the plaintiff cannot maintain a claim against Murphy under the Jones Act. *See* Ruling on Motion to Remand, Doc. 16.

       development, production, and transportation activities;

- The Front Runner spar platform is not a vessel;

- Plaintiff was not a master or member of a crew of any vessel at any time relevant to this litigation;

- The injuries which form the basis of this lawsuit were sustained by Plaintiff in the course of his work for Murphy as a Lead Operator on the Front Runner; and

- The work Plaintiff was performing at the time of his injuries was in furtherance of Murphy's oil and gas exploration, development, production, and transportation activities on the OCS through the Front Runner spar platform.

In addition to arguing Murphy is immune from tort suits pursuant to the LHWCA, Murphy argues the plaintiff's claims against Murphy are unsustainable because the Front Runner spar platform is not a vessel, and the plaintiff is not a Jones Act seaman, echoing points the magistrate judge has already made in this case. The plaintiff does not oppose Murphy's motion.

Considering the foregoing, the Motion for Summary Judgment [Doc. 26], appearing to be well-founded in law and fact and being unopposed by the plaintiff, is hereby GRANTED. All claims against Murphy Exploration & Production Co., USA in the instant action are DENIED AND DISMISSED WITH PREJUDICE.

As the foregoing ruling appears to dispose of all claims in this matter, the parties shall submit a proposed Final Judgment, approved as to form, within ten (10) days of the date of this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 2 day of May, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE