RECEIVED
JUL 1 6 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES HEFREN | CIVIL ACTION NO. 12-1899 |
| VERSUS | JUDGE DOHERTY |
| MURPHY EXPLORATION & PROD. CO., USA, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court are two motions: (1) "Motion for Partial Summary Judgment" filed by McDermott, Inc. [Doc. 57]; and "Motion to Certify as Final Judgment Under FRCP 54(b) filed by plaintiff James Hefren" [Doc. 59]. In its motion, McDermott seeks an order "recognizing that McDermott is entitled to indemnity from Murphy for McDermott's costs of defense, attorneys' fees and expenses incurred in defense of Hefren's claims." Cross-defendant Murphy Exploration & Production Co., USA ("Murphy") opposes McDermott's motion [Doc. 61].

In his motion, the plaintiff moves the Court to certify its April 9, 2014 Ruling and Order [Docs. 53, 54] as a final judgment, pursuant to Rule 54(b). The Ruling and Order for which plaintiff seeks certification granted McDermott's, Inc.'s ["McDermott"] Motion for Summary Judgment, concluding the FRONT RUNNER Spar is an immovable and holding all claims asserted by the plaintiff against McDermott were perempted under La. Rev. Stat. §9:2772. Plaintiff's motion is opposed by McDermott [Doc. 62].

For the following reasons, McDermott's "Motion for Partial Summary Judgment" [Doc. 57] is GRANTED, and plaintiff's "Motion to Certify as Final Judgment Under FRCP 54(b) filed by plaintiff James Hefren" [Doc. 59] is DENIED.

I.   **Factual and Procedural Background**

At the outset, the Court notes the parties in this matter have elected to proceed with this case in a piecemeal fashion, by filing several motions for partial summary judgment, each limited to a single issue – some addressed to the magistrate judge, some addressed to this Court – that do not discuss the overall, comprehensive picture of the litigation. Because each motion that has been filed has included only a truncated statement of material facts that addressed solely those facts that were relevant to the issue being challenged in that particular motion, and because the responses to the motions responded in kind, the result of this fragmented approach has provided this Court with a rather disjointed picture of the relevant facts and events surrounding the central events giving rise to the litigation. The facts that appear to be relevant and material to the instant motion are as follows:

- Plaintiff worked for Murphy and exclusively on the FRONT RUNNER spar platform at all times relevant to this litigation;

- At the time of his accident, Plaintiff was working for Murphy on the FRONT RUNNER spar platform as a Lead Operator;

- Plaintiff filed suit against Murphy and McDermott for negligence. This Court has granted summary judgment in favor of Murphy, dismissing with prejudice plaintiff's tort claims against Murphy as barred by the exclusive remedy provisions of the Longshore & Harbor Workers' Compensation Act;[1]

- This Court has also determined the FRONT RUNNER Spar is an immovable, and that, as such, all of the plaintiff's claims against McDermott, as the contractor of the FRONT RUNNER Spar, are perempted (extinguished) – and therefore dismissed – under La. Rev. Stat. §9:2772(A).[2]

---

[1] *See* Memorandum Ruling, Doc. 29.

[2] La. Rev. Stat. §9:2772 provides that no claim relating to design or construction defects, including claims for failure to warn, may be brought against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables more than five years after the date of

- It appears the only remaining claim in this matter is the claim of defendant McDermott against defendant Murphy for a "full and complete defense and indemnification, including payment of all costs and attorneys' fees from Murphy for defense of the claims asserted against McDermott, Inc. by James Hefren. . .[,]" notwithstanding the fact that in the instant motion, McDermott continues to identify itself as a "defendant" although a defendant as to what claims, it is unclear to this Court.

## II. Law and Analysis

### 1. Summary Judgment Standard

A party claiming relief, or a party against whom relief is sought, may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Fed. R. Civ. Proc. 56(a) and (b). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c)(1)(2).

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. Proc. 56(e). As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial,

---

registry in the mortgage office of acceptance of the work by owner. It has been determined the FRONT RUNNER Spar is permanently affixed to the sea floor in Green Canyon Block 338 on the Outer Continental Shelf (OCS) of the Gulf of Mexico, and that from its permanently affixed position in Green Canyon Block 338 of the OCS, the FRONT RUNNER Spar is utilized to explore, develop, produce, and transport resources from the OCS in furtherance of Murphy's oil and gas exploration, development, production, and transportation activities.

the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. *Id.* at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The Court later states:

In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment shall be entered against the nonmoving party unless affidavits or other evidence set forth specific facts showing that there is a genuine issue for trial. The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

Id. at 888-89 (1990)(internal quotations and citations omitted). The Fifth Circuit has further elaborated:

[The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the

> nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached. *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

### 2. McDermott's Motion for Partial Summary Judgment [Doc. 57]

The dispute in the present motion is between McDermott and Murphy and centers around whether Murphy must indemnify McDermott for its costs of defense, attorney's fees, and expenses incurred in defending against Hefren's claim against McDermott.[3] The crux of the dispute is

---

[3] McDermott's claim for indemnification arises out of Article 19.2 of the "Front Runner Engineering Procurement Construction Installation (EPCI) Contract (the "EPCI Contract") between McDermott and Murphy, which states in relevant part as follows:

> *[Murphy] agrees to indemnify, defend and save harmless [McDermott] from and against any and all claims, losses and expenses (including without limitation all costs, demands, damages, suits, judgments, fines, penalties, liabilities, attorney's fees, and causes of action of whatsoever nature or character*, whether known or unknown, and including without limitation claims, losses and expenses for property damage, bodily injury, illness, disease, death, pollution or loss of services, wages, consortium or society)*in any way, directly or indirectly, arising out of, or related to, the performance or subject matter of this AGREEMENT* or the ingress, egress, or presence on any premises (whether land, building, vehicle, platform, aircraft, vessel or otherwise) owned, operated, chartered, leased, used, controlled or hired by [Murphy] or [McDermott], and which are asserted by or arise in favor of OWNER *et al* (and / or any of their spouses, relatives,

whether it is premature for this Court to make such a determination. McDermott argues it is not premature for the Court to make such a ruling, pointing out this Court has dismissed Hefren's claims against McDermott as perempted by La. Rev. Stat. §9:2772,[4] "thereby precluding any determination of negligence or fault on the part of McDermott." Thus, McDermott argues this Court has not and will not reach the issue of McDermott's negligence – because it cannot do so, as there is a legal bar (peremption) to any such finding – and therefore, McDermott's claim for indemnity against Murphy is not invalidated by the Louisiana Oilfield Indemnity Act, LSA-R.S. §9:2780 ("LOIA"), and partial summary judgment should be entered in favor of McDermott on the indemnity claim.[5]

Murphy takes the position that because McDermott has not been found to be free from fault or negligence in the alleged accident of Hefren, as required by the LOIA, this Court cannot determine whether indemnity is owed. The parties rely on competing cases in support of their arguments, and this Court is forced to interpret two very different results in two different jurisdictions to make its determination.

First, an examination of the LOIA is in order. The relevant provision of the LOIA states as follows:

---

dependents, or estates), *and expressly including any claims, losses or expenses actually or allegedly caused by the sole, concurrent or partial negligence (of whatever nature or character), fault or strict liability of [McDermott]* or any other person or the unseaworthiness, unairworthiness or defective condition of vessels, craft or premises, whether or not preceding the execution of this AGREEMENT.

See EPCI Contract, pp. 34 & 35, art. 19.2, attached as Exhibit "D" to Murphy's motion for summary judgment, Doc. 35.

[4] This Court held all claims brought against McDermott as the manufacturer of the FRONT RUNNER Spar – an immovable – are barred, as they were brought more than five years after the date of registry in the mortgage office of acceptance of the work by the owner under La. Rev. Stat. §9:2772.

[5] McDermott asks this Court to refer the matter to the magistrate judge for a determination of the amount of attorney's fees and expenses to which McDermott is entitled under Rule 54(d) of the Federal Rules of Civil Procedure.

> B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

Thus, under the statute, any agreement whereby McDermott is provided defense or indemnity against loss or liability for damages arising from death or bodily injury arising from the sole or concurrent negligence or fault of McDermott is void and unenforceable. The Fifth Circuit has interpreted this provision of the LOIA as follows:

> <u>After trial on the merits</u>, if the indemnitee is found free from fault, the Act does not prohibit the indemnitee from recovering its cost of defense. Whether the injury is found to have resulted in whole or in part from the fault of the indemnitor does not affect the indemnitee's right to recover its cost of defense provided it is free from fault.

*Meloy v. Conoco, Inc.*, 817 F.2d 275, 280 (5th Cir. 1987) (emphasis added). A number of decisions since *Meloy* have expounded upon the rationale of *Meloy* and further refined the rationale of the statute.

In 1988, the Fifth Circuit decided *Melancon v. Conoco Production Co., Inc.*, 834 F.2d 1238 (5th Cir. 1988). In *Melancon*, Amoco successfully defended against Melancon's tort claims on grounds Melancon was its "borrowed employee" and Amoco was immune from suit under Section 905(a) of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §905(a). Amoco pursued Beraud, Melancon's true employer, for contractual indemnity. Beraud (like Murphy in the instant case) asserted Amoco's contractual indemnity was barred by the LOIA. The Fifth Circuit held Amoco was entitled to indemnification by Beraud notwithstanding the fact that the issue of Amoco's negligence was never reached, noting:

> In the case at bar, the Melancons alleged that the negligence and/or legal fault of the indemnitee, Amoco, caused Mr. Melancon's injuries. However, the Louisiana Supreme Court has held after certification from this Court that under the Louisiana Oilfield Indemnity Act "[t]he allegations of the plaintiff's suit against the indemnitee are irrelevant to the indemnitor's obligation to pay. Rather it is the terms of the indemnity agreement which govern the obligations of the parties." *Meloy v. Conoco, Inc.*, 817 F.2d 275, 280 (5th Cir.1987). Here there exists no holding that Amoco was negligent or at fault for Mr. Melancon's injuries. ***The case never reached the issue of Amoco's negligence because of the LHWCA's bar. For that reason Amoco is entitled to indemnity from Beraud for the costs of its defense***. Provision 10 of the Amoco-Beraud contract so provides, and the Louisiana Oilfield Indemnity Act does not apply absent a finding of negligence or fault against Amoco.

834 F.2d at 1248 (emphasis added).

That same year, another panel of the Fifth Circuit distinguished the holding of *Melancon* in *Tanksley v. Gulf Oil Corp.*, 848 F.2d 515 (5th Cir. 1988). In *Tanksley*, the Fifth Circuit held an oil company that settled with the plaintiff was barred by the LOIA from pursuing the contractor for indemnity because the oil company, by choosing to settle with the plaintiff, voluntarily foreclosed determination of its negligence or fault. In so ruling, the Fifth Circuit explained:

> ***The essential difference between the factual scenario in Melancon and that here presented relates to the legal availability of a determination of the negligence or fault of the indemnitee***. Once the court decided that Melancon was an Amoco borrowed employee, the Longshore and Harbor Workers' Act proscribed any judicial inquiry into Amoco's fault or negligence. Thus, as a matter of law, there could never be a "trial on the merits" to determine whether Amoco was "free from fault and thus outside the scope of the [Louisiana Oilfield Indemnity] Act." *Meloy*, 504 So.2d at 839. In that setting, we concluded that the Oilfield Indemnity Act did not annul the indemnity provision and that Amoco was entitled to recover its costs of defense of the tort suit brought by Melancon, and the costs it incurred in pressing its indemnification demands. 834 F.2d at 1248.
>
> ***In the case at bar, a trial on the merits to determine Chevron's fault or negligence was not only legally possible, it was imminent and was foreclosed only by the compromise settlement with Tanksley***. The parties undoubtedly reached this settlement after a careful weighing of all relevant factors and risks. For reasons it deemed sufficient, Chevron opted to forego a trial at which it would either have been found liable or exonerated. The appeal of the certainty of settlement overrode the contending appeal of the uncertainty of trial. As a consequence, because of Chevron's

choice, there will be no trial on the merits of Tanksley's claims to determine whether Chevron was "free from fault and thus outside the scope of the Act." ***Absent such a finding, or a legal bar preventing the finding, as in Melancon, we must conclude that the Oilfield Indemnity Act nullifies, in this instance, the indemnity agreement between Chevron and SEE***.

*Tanksley*, 848 F.2d at 517-18 (emphasis added). In *B.J. Services Co., USA v. Thompson*, 2010 WL 2024725 (W.D.La. May 14, 2010), Judge Trimble cited *Tanksley* with approval in holding that because an indemnitee settled its underlying claims without a determination of fault, it was precluded by the LOIA from seeking indemnity from its indemnitor. B.J. Services, 2010 WL 2024725 at *8.

In 2005, the Fifth Circuit recognized *Tanksley* as "further[ing] the aims of the [LOIA] by protecting contractors from having to litigate an oil company's fault when the oil company had an opportunity to adjudicate the matter in the previous underlying action." 400 F.3d at 270, *citing Tanksley*, 848 F.2d 515. However, in *dicta*, the Court noted the rejection of *Tanksley* by two of the five Louisiana appellate courts. *See American Home Assurance*, 400 F.3d at 270, n.15. Indeed, in both *Ridings v. Danos & Curole Marine Contractors, Inc.*, 723 So.2d 979 (La. App. 4th Cir. 1998) and *Phillips Petroleum Co. v. Liberty Serv., Inc.*, 657 So.2d 405 (La. App. 3rd Cir. 1995), the Louisiana appellate courts rejected the Fifth Circuit's holding in *Tanksley*. In *Ridings*, the Louisiana Fourth Circuit Court of Appeals challenged *Tanksley*, stating "[w]hether the indemnitee was negligent or at fault (strict liability) in causing injury to the original plaintiff can be determined at trial between the indemnitee and the indemnitor even after the indemnitee has settled with the original plaintiff." 723 So.2d at 983 n.2. Similarly, in *Phillips*, the Louisiana Third Circuit Court of Appeals held the LOIA does not prevent "one seeking indemnification from proving freedom from 'negligence or fault (strict liability)' in an action separate from the original litigation raising that issue." 657 So.2d at 409.

The Louisiana Supreme Court has yet to address the *Tanksley* decision, but addressed the conflict between the *Tanksley* decision and state court decisions in cases such as *Ridings* and *Phillips*. In dicta within *Fontenot v. Chevron USA, Inc.*, 676 So.2d 557 (La. 1996), the Louisiana Supreme Court stated:

> Numerous Louisiana courts of appeal have cited *Meloy, supra*, for the proposition that indemnity clauses are void only to the extent that they purport to require indemnification and/or defense where there is negligence or fault on the part of the indemnitee. ***In this case, the plaintiff settled his lawsuit with Chevron and Dantzler and so there has been no finding of negligence or fault on the part of Chevron, the indemnitee. Arguably, since there has not been a finding of negligence or fault by Chevron, the prohibition against enforcement of the indemnity clause should not be applicable. However, we concede that the United States Court of Appeals for the Fifth Circuit has reached the opposite conclusion. In Tanksley v. Gulf Oil Corp., 848 F.2d 515, 518 (5th Cir.1988), because the parties entered into a settlement, there was no judicial finding that the indemnitee was "free from fault and thus outside the scope of the Act." The Court concluded that such an affirmative finding of "freedom from fault" was necessary to determine that an indemnification clause was enforceable***; thus, an indemnification clause should be considered null and void unless there is a specific finding that the indemnitee is free from fault. The Fifth Circuit recognized that its finding conflicted with public policy favoring voluntary settlements, but reasoned "[i]n the future, in this type legal situation, the impact of settlement on an existing indemnity agreement need only be factored into the determination of a fair and reasonable settlement." *Id.*, at 518.
>
> We see the logic in both positions, but under the circumstances of this case (where no party seeks to enforce the indemnification clause), it is not necessary for us to either adopt or reject the *Tanksley* conclusion.

676 So.2d at 563 n.7 (emphasis added).

Thus, the foregoing legal framework can be summarized as follows: The Fifth Circuit has distinguished "legal bars" to lawsuits – such as immunity from suit under Section 905(a) of the LHWCA (which foreclose the possibility of determining the negligence of the party seeking indemnification) – from other "impediments" to lawsuits against the party seeking indemnification, such as settlements, concluding settlements are not true "legal bars" to litigation to determine negligence, and has concluded in the case of "legal bars" to lawsuits, the LOIA does not apply, and

indemnification is possible.[6] Two of the five Louisiana appellate courts do not take the same position, concluding the issue of the negligence of the indemnitee can be determined in a separate trial after the original trial involving the indemnitee and the injured plaintiff has been settled. The Louisiana Supreme Court – stating it sees wisdom on both sides – has not taken a position either way.

After consideration of the facts of this case and the existing legal framework, this Court concludes the factual scenario as presented herein – *i.e.*, the plaintiff's claims against McDermott have been dismissed because of the *legal bar of peremption* -- this Court concludes the facts of the instant matter are more akin to the facts of *Melancon*. Under Louisiana law, "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. Civ. C. art. 3458. *See also Taranto v. Louisiana Citizens Property Ins. Co.*, 62 So.3d 721, 735 (La. 2011). In explaining the difference between prescription and peremption under Louisiana law, the Louisiana Supreme Court has explained:

> When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. *Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.*

*Naghi v. Brener*, 17 So.2d 919, 923 (La. 2009) (emphasis added), *citing Guillory v. Avoyelles Ry. Co.*, 104 La. 11, 28 So. 899, 901 (La. 1900). Thus, peremption extinguishes the claim, and legally bars it. Thus, this Court concludes peremption is more akin to the legal bar at issue in *Melancon* than it is to mere settlement of a claim, which was at issue in *Ridings* and *Phillips*.

---

[6] In cases involving settlements, Louisiana state courts have concluded that where the parties have voluntarily settled their claims, an indemnification clause is considered null and void unless there is a specific finding that the indemnitee is free from fault. *See, e.g., Fontenot*, 676 So.2d at 563 n.7.

Indeed, whether a formal claim had been made against McDermott at a time when a cause of action legally existed is not before the Court. Murphy took possession of the FRONT RUNNER Spar on August 4, 2004, and Hefren was injured on June 6, 2011, well after the five year peremptive period had run. Hefren did not bring suit against any party until June 4, 2012, nearly eight years after Murphy took possession of the facility. Hefren did not correctly name McDermott as a party until February 22, 2013, approximately eight and one-half years after Murphy took possession of the facility. Under these facts, it is clear the only evidence presented establishes that demand was made against McDermott well after the five year peremptive period had run and, therefore, no cause of action existed against McDermott at the time and under Louisiana law, McDermott could not, therefore, *as a matter of law*, be found at fault.

Considering the foregoing, this Court concludes *the legal bar* to the plaintiff's claim against McDermott – peremption under La. Rev. Stat. §9:2772 – extinguishes any factually possible cause of action and, therefore, forecloses any possible finding of negligence against McDermott.[7] Thus, as in *Melancon*, McDermott is entitled to recover its costs of defense, attorney's fees, and expenses incurred in defending against Hefren's claim against it from Murphy. There has been no finding of negligence on the part of McDermott, nor can there be, as a matter of law, therefore, McDermott is entitled to the foregoing recovery as requested. Therefore, the "Motion for Partial Summary Judgment" [Doc. 57] filed by McDermott, Inc. is GRANTED, and McDermott is entitled to indemnity from Murphy for McDermott's costs of defense, attorneys' fees and expenses incurred in defense of Hefren's claims.

---

[7] While this Court supposes it is, technically, possible to separately try the issue of McDermott's negligence *vis-a-vis* the plaintiff, the only party that has asserted a negligence claim against McDermott in the instant case is the plaintiff, Hefren, and his claims against McDermott are dismissed as perempted, as has been discussed throughout this ruling.

### 3.     Plaintiff's Motion to Certify as Final Judgment Under FRCP 54(b) [Doc. 59]

The Court finds the plaintiff's motion for entry of final judgment should be DENIED for the reasons that follow.

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The pending action presents more than one claim for relief, as well as multiple parties, as has been described throughout this ruling.

For certification to be proper, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). To satisfy this requirement, the ruling at issue must be "a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp*, 446 U.S. at 8, *quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Next, the court must "determine whether there is any just reason for delay." *Curtiss-Wright Corp*, 446 U.S. at 8. In making this determination, the court must "take into account judicial administrative interests as well as the equities involved." *Id.*. This analysis properly includes consideration of whether the claim or claims under review are "separable from the others remaining to be adjudicated," and whether the nature of the claims already determined is "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Even if one of these factors is present, certification under Rule 54(b) may still be proper if there is "a sufficiently important reason for nonetheless granting certification." *Id.* at 8, n.2. However, "A district court should grant certification only when there exists some danger

of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court finds the requirement of finality is met in this matter with respect to the April 9, 2014 Ruling and Order. The referenced Ruling concluded the FRONT RUNNER Spar is an immovable, and all claims asserted by the plaintiff against McDermott were perempted under La. Rev. Stat. §9:2772. Accordingly, this Court's Ruling as to plaintiff's claim against McDermott is "final," because there are no issues left to be determined with respect to that claim. *See e.g. St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 337-38 (5th Cir. 1997); *Jackson v. O'Shields*, 101 F.3d 1083, 184-85 & n.2 (5th Cir. 1996).

Nevertheless, the Court finds in this matter there *is* just reason for delay, albeit a short delay. First, this Court notes the Court has now, with this Ruling, ruled on what it believes to be all outstanding claims in this case. Nevertheless, even if there remain select outstanding claims to be adjudicated, this Court cannot conclude "no appellate court would have to decide the same issues more than once . . . if there were subsequent appeals." *Curtiss-Wright* at 8. The Court notes the plaintiff has identified no "hardship" in his motion to certify that he will endure should this Court deny his motion for certification. As such, the plaintiff's motion is insufficient to overcome the policy against piecemeal appeals. *See e.g. PYCA Industries*, 81 F.3d at 1421 ("One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals.")

In light of the foregoing, the plaintiff's motion for entry of final judgment [Doc. 59] is DENIED.

### III. Conclusion

For the reasons stated herein,

IT IS ORDERED that McDermott's "Motion for Partial Summary Judgment" [Doc. 57] is GRANTED. IT IS FURTHER ORDERED that the matter of amount of the costs of defense, attorneys' fees and expenses incurred by McDermott in defense of Hefren's claims is hereby REFERRED to the magistrate judge for consideration and recommendation. Pursuant to Rule 54(d)(2)(D), the magistrate judge shall prepare a Report recommending the amount to be awarded to McDermott, in consideration of the appropriate standards and evidence to be submitted by the parties.

IT IS FURTHER ORDERED that plaintiff's "Motion to Certify as Final Judgment Under FRCP 54(b)" [Doc. 59] is DENIED.

It appears this Ruling adjudicates all remaining claims in this matter. The parties shall confirm via a joint letter to the Court within the next ten (10) days of this Ruling, whether the foregoing is accurate and whether there remain any issues for trial, currently scheduled on September 8, 2014.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___16___ day of July, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE