# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| JAMES HEFREN | * | CIVIL ACTION NO. 12-1899 |
| VS. | * | JUDGE DOHERTY |
| MURPHY EXPLORATION & PRODUCTION CO., USA | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the determination of the amount of attorney's fees and expenses owed by Murphy Exploration & Production Co., USA, ("Murphy") to McDermott, Inc. ("McDermott") [rec. doc. 72], pursuant to an indemnity agreement between Murphy and McDermott for costs of defense, attorney's fees and expenses incurred in defense of plaintiff, James Hefren's ("Hefren"), claims.

By Memorandum Ruling dated July 16, 2014 [rec. doc. 66],  Judge Doherty granted McDermott's Motion for Partial Summary Judgment [rec. doc. 57], finding that "McDermott is entitled to indemnity from Murphy for McDermott's cost of defense, attorneys' fees and expenses incurred in defense of Hefren's claims."  [rec. doc. 66, p. 12].  By Order dated July 16, 2014, Judge Doherty referred the matter of the amount of the costs of defense, attorneys' fees and expenses incurred by McDermott in defense of Hefren's claims to the undersigned for consideration and recommendation.  [rec. doc. 67].

By Order dated July 18, 2014, the undersigned ordered McDermott to submit an affidavit of fees and costs for the costs of defense, attorneys' fees and expenses incurred by McDermott in defense of Hefren's claims.  [rec. doc. 68].  On September 2, 2014, McDermott, through its counsel, Jones Walker LLP ("Jones Walker"), filed an Affidavit of Fees and Costs seeking recovery of $107,336.50 in attorney's fees and $45,077.85 in costs and expenses incurred in the defense of Hefren's claims.  [rec. docs. 72, 73, 74, 75, 76].  On September 17, 2014, Murphy filed an Objection to Affidavit of Fees and Costs on the grounds that the fees, expenses and costs claimed by McDermott were excessive.  [rec. doc. 77].  McDermott filed a Response to Objection on October 6, 2014.  [rec. doc. 85].  On October 6, 2014, Murphy filed a Reply to McDermott's Response to Objection.  [rec. doc. 86].

On October 24, 2014, McDermott, Inc. filed a Motion to Compel Response to Interrogatories, in which McDermott sought responses to interrogatories as to the number of hours expended by Murphy's counsel and the rates at which the work was billed.  [rec. doc. 88].  After a hearing, the undersigned granted the motion and Murphy's request for a Protective Order.  [rec. docs. 93, 94].  On December 15, 2014, the undersigned signed the Protective Order placing Murphy's supplemental responses to interrogatories under seal.  [rec. doc. 97].

On December 18, 2014, McDermott filed a Supplemental Response to Objection of Murphy to Affidavit of Fees and Costs.  [rec. doc. 100].  On December 23, 2014,

2

Murphy filed a Supplemental Objection to McDermott's Affidavit of Fees and Costs.
[rec. doc. 103].

## **Background**

On June 4, 2012, Hefren, an employee of Murphy, filed a lawsuit pursuant
to the Jones Act and the general maritime law in reliance upon the "savings to suitors
clause" for personal injuries allegedly sustained on June 6, 2011, while working on
Murphy's Front Runner spar, which had been designed and constructed by McDermott.
Murphy removed the matter to this Court on July 12, 2012, on the basis of diversity
jurisdiction pursuant to 28 U.S.C. § 1332.  On August 13, 2012, Hefren filed a Motion to
Remand on the basis that he had sufficiently alleged a Jones Act claim and that the action
could not be removed on the basis of diversity. [rec. doc. 5].  By Order dated October 25,
2012, the undersigned denied the Motion to Remand, finding that the Front Runner spar
was not a vessel; thus, Hefren could not be considered a seaman or maintain a claim
under the Jones Act.  [rec. doc. 16].

On April 2, 2013, Murphy filed an unopposed Motion for Summary Judgment on
the grounds that Murphy was statutorily immune from Hefren's claims by virtue of the
Longshore and Harbor Worker's Compensation Act ("LHWCA"), which governed
Hefren's available remedies pursuant to the Outer Continental Shelf Lands Act
("OCSLA"), and that Hefren's claims were unsustainable because the Front Runner spar
was not a vessel and Hefren was not a Jones Act seaman.  [rec. doc. 26].  By

3

Memorandum Ruling and Order dated May 2, 2013, Judge Doherty granted the motion. [rec. doc. 29, 30].

On October 13, 2013, Murphy filed a Motion for Partial Summary Judgment to Dismiss Contractual Indemnity Claims of McDermott.  [rec. doc. 35].  By Memorandum Ruling and Order dated February 21, 2014, Judge Doherty granted Murphy's Motion for Partial Summary Judgment and denied and dismissed with prejudice McDermott's claim for contractual indemnity from Murphy – to the extent that McDermott had requested indemnification from McDermott's own negligence or fault in causing Hefren's alleged injuries.  Judge Doherty noted that this Ruling "makes no findings with respect to McDermott's claim against Murphy for defense costs." [rec. docs. 48, 50].

On February 17, 2013, McDermott filed a Motion for Summary Judgment on the grounds that Hefren's claims against McDermott were perempted under LA. REV. STAT. § 9:2772, as Hefren had filed his claims against McDermott outside of the five-year peremptive period.  [rec. doc. 46].  By Memorandum Ruling and Order dated April 9, 2014, Judge Doherty granted McDermott's motion, and denied and dismissed with prejudice Hefren's claims against McDermott.  [rec. docs. 53, 54].  On April 30, 2014, Hefren appealed this Ruling to the United States Fifth Circuit Court of Appeal.  [rec. doc. 56].  By Judgment issued as the mandate on June 25, 2014, the Fifth Circuit granted Appellee's motion to dismiss appeal for lack of jurisdiction.  [rec. doc. 65].

On May 22, 2014, McDermott filed a Motion for Partial Summary Judgment for Indemnity against Murphy.  [rec. doc. 57].  On May 23, 2014, Hefren filed a Motion to Certify as Final Judgment under FRCP 54(b).  [rec. doc. 59].  By Memorandum Ruling and Order dated July 16, 2014 [rec. docs. 66, 67], Judge Doherty granted McDermott's Motion for Partial Summary Judgment [rec. doc. 57], referred the matter of the costs of defense, attorneys' fees and expenses incurred by McDermott in defense of Hefren's claims to the undersigned, and denied Hefren's Motion to Certify as Final Judgment [rec. doc. 59].

## Law and Analysis

### *GUIDELINES FOR ATTORNEYS' FEES AND EXPENSES CALCULATION*

McDermott seeks costs and attorney's fees against Murphy pursuant to the Front Runner Engineering Procurement Construction Installation (EPCI) Contract for Green Canyon Block 338 executed between the parties on March 15, 2002.[1]  [rec. doc. 57, Exhibit A].

Murphy argues that had McDermott filed its Motion for Summary Judgment [rec. doc. 46] earlier, McDermott would not have incurred the "overwhelming balance of its litigation costs nor its attorney's fees."  [rec. doc. 77, p. 1].  In retrospect, had Murphy agreed to indemnify McDermott earlier, Murphy could have directed the course of this litigation and avoided incurring the fees which McDermott now seeks to recover, but

---

[1]The parties do not dispute that Murphy is responsible for costs and attorney's fees pursuant to the EPCI.

5

Murphy did not.  At this point, the Court is not inclined to second-guess McDermott's litigation strategy.

In the Order, Judge Doherty held that "McDermott is entitled to indemnity from Murphy for McDermott's cost of defense, attorneys' fees and expenses *incurred in defense of Hefren's claims*." (emphasis added).   [rec. doc. 66, p. 12].  McDermott's claim for attorney's fees is made pursuant to the indemnity provision in the contract, not a statute limiting recovery to issues on which McDermott prevailed.  *Cf. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 791, 109 S. Ct. 1486, 1493, 103 L. Ed. 2d 866 (1989)) (limiting civil rights fee award to prevailing party, defined as "one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation").  Murphy has cited no authority to support the limitation of fees in an indemnification action only to prevailing claims.  Thus, this argument lacks merit.

A fee award is governed  by the same law that serves as the rule of decision for substantive issues in the case.  *Chevron USA, Inc. v. Aker Mar. Inc*., 689 F.3d 497, 505 (5th Cir. 2012) (*citing Mathis v. Exxon Corp*., 302 F.3d 448, 461 (5th Cir. 2002)).  Under OCSLA, attorney's fee awards are governed by the law of the adjacent state, as long as that law is not inconsistent with federal law.  *Brown v. Sea Mar Mgmt., LLC*, 2006 WL 3328194, *2 (W.D. La. Nov. 15, 2006) (*citing* 43 U.S.C. § 1333(a)(2); *Demette v. Falcon*

*Drilling., Inc.*, 280 F.3d 492, 497 (5th Cir. 2002)).  In this case, Louisiana is the adjacent state.

Under Louisiana law, awards of attorney fees permitted pursuant to contractual provisions are subject to review and control by the courts.  *Id*.  The amount of an attorneys' fee award is governed by Rule 1.5 of the Louisiana Rules of Professional Conduct.  *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (*citing State Dept. of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 n. 9 (La.1992)).  The factors therein are very similar to those used in the federal "lodestar" method as set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).  *Chevron*, 689 F.3d at 505.  In this case, the undersigned concludes that the result is the same whether the analysis is conducted under *Johnson* or under Rule 1.5.  *Brown*, 2006 WL 3328194, at *4.

Determination of reasonable attorney's fees involves a two-step procedure.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995) ((*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51 (1983)).  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.  *Id*.  Then, the district court must multiply the reasonable hours by the reasonable hourly rates.  *Id*.  The product of this multiplication is the lodestar, which the district court then either accepts or

adjusts upward or downward, depending on the circumstances of the case, after assessing the dozen factors set forth in *Johnson*.  *Wegner v. Standard Insurance Company*, 129 F.3d 814, 822 (5th Cir. 1997).

## Issues and Analysis

The focus now turns to the facts and issues presented in the fee application. McDermott, through its counsel, Jones Walker, filed an Affidavit of Fees and Costs seeking recovery of $107,336.50 in attorney's fees and $45,077.85 in costs and expenses incurred in the defense of Hefren's claims.  [rec. docs. 72-76].

In support of these requests, defense counsel submitted copies of invoices describing the tasks performed by attorneys Edward J. Koehl, Jr. ("Koehl") (280.6 hours billed at the hourly rate of $275.00), William P. Wynne ("Wynne") (83.1 hours billed at the hourly rate of $250.00), Catherine S. Cordes ("Cordes") (25.6 hours at the hourly rate of $200.00), Robert L. Walsh (.3 hours at the hourly rate of $350.00), paralegals Helen Q. Hilbert ("Hilbert") (19 hours at the hourly rate of $125.00 and 3.2 hours at the hourly rate of $130.00) and Shelley B. Hewitt (3.5 hours at the hourly rate of $130.00), and law clerks (7.2 hours at the rate of $165.00 per hour).

## Reasonable Hours Expended by Jones Walker

In determining the number of hours billed for purposes of calculating the lodestar, the Court must determine whether the requested hours expended by counsel were reasonable in light of the facts of the case and the work performed.  *Guity v. Lawson*

*Envtl. Serv., LLC*, — F.Supp.3d —, 2014 WL 4723295, *2 (E.D. La. Sept. 23, 2014)

(Barbier, J) (*citing Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL

398328, *14 (E.D. La. Feb. 7, 2012)).  The Court must also determine whether the

records show that the movant's counsel exercised billing judgment and should exclude all

time billed for work that is excessive, duplicative, or inadequately documented.  *Id*. at

*14.  The burden of proving the reasonableness of the hours expended is on the fee

applicant.  *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512,

528 (5th Cir. 2001).

Jones Walker seeks legal fees and expenses for services performed from June 20,

2012 to July 7, 2014, excluding the attorney's fees and costs incurred in the demand for

indemnity and defense of Murphy's Motion to Dismiss McDermott's indemnity claim and

McDermott's Motion for Partial Summary Judgment on indemnity.  McDermott objects

to several entries as duplicative and excessive.

The undersigned notes instances of duplicative work by Jones Walker's attorneys,

particularly the entries for having multiple attorneys perform the same tasks and for

internal conferences among co-counsel.  For example, firm attorneys billed for the same

interoffice conferences, interoffice emails and reviewing the same documents on 9/4/13

(.6 hours by Wynne and .6 hours by Koehl); 9/11/13 (.5 hours by Koehl); 10/21/13 (.7

hours by Wynne and .7 by Koehl); 12/13/13 (1.1 hours by Wynne); 1/21/14 (.3 hours by

Robert L. Walsh ("Walsh"); 1/22/14 (.7 hours by Wynne); 1/29/14 (.5 hours by Wynne);

9

2/5/14 (.3 hours by Koehl); 2/13/14 (.1 hours by Wynne and 1.0 hours by Koehl); 2/17/14

(.3 hours by Wynne); 2/25/14 (.7 hours by Cordes); 3/6/14 (.5 hours by Wynne and .2

hours by Koehl); 3/14/14 (.2 hours by Wynne and .2 hours by Koehl); 3/17/14 (.5 hours

by Wynne and 1.1 hours by Koehl); 3/19/14 (.5 hours by Wynne and .5 hours by Koehl);

4/10/14 (.5 hours by Wynne, .3 hours by Cordes and .5 hours by Koehl); 4/10/14 (.7 hours

by Wynne, .3 hours by Cordes and .8 hours by Koehl); 5/8/14 (.5 hours by Wynne);

5/13/14 (.2 hours by Wynne and .3 hours by Koehl), and 5/23/14 (.5 hours by Wynne and

.3 hours by Koehl).

The Fifth Circuit has repeatedly advised that billing time of more than one attorney

for a court proceeding, where one or more attorneys are present only as observers,

constitutes duplicative billing.  *Johnson*, 488 F.2d at 717; *Abrams v. Baylor College*, 805

F.2d 528, 535 (5th Cir. 1986); *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982) ("there

should have been no compensation for hours spent in duplicative activity or spent in the

passive role of an observer while other attorneys performed").  Additionally, courts have

reduced hours fees for interoffice conferences. *See In re Fox Island Square Partnership*,

106 B.R. 962, 971 (Bankr. N.D. Ill. 1989) (attorney's fees reduced where 10 different

attorneys performed services, three attorneys appeared for multiple court hearings,

excessive time was spent conducting interoffice conferences among attorneys and

researching sanctions issue, and personality conflicts between opposing counsel

lengthened court time expended).

Murphy objects to the unnecessary billing of hours by Koehl and Wynne in all categories except those related to McDermott's successful Motion for Summary Judgment against Hefren.  [rec. doc. 77, pp. 9-14].  The undersigned agrees that the time billed for some of these tasks is unreasonable and excessive.

For example, the undersigned finds that the billing of almost 50 hours for the motion for summary judgment on whether a spar could be considered an immovable is clearly excessive.  This includes 4.0 hours by Wynne on 2/4/14; 3.4 hours by Wynne on 2/6/14; 1.5 hours by Wynne on 2/10/14; 3.6 hours by Wynne on 2/11/14; 1.6 hours by Wynne on 2/12/14; 2.0 hours by Wynne on 2/14/14; .2 hours by Cordes on 2/25/14; 1.3 hours by KCO on 2/26/14; 1.7 hours by Wynne on 3/10/14; 5.4 hours by Cordes on 3/11/14; 5.5 hours by Cordes on 3/12/14; 3.6 hours by Cordes on 3/13/14; 4.10 hours by Cordes on 3/14/14; .9 hours by Cordes on 3/15/14; 2.5 hours by Wynne on 3/17/14; .5 hours by Cordes on 3/17/14; 3.20 hours by Wynne on 3/19/14, and 3.3 hours by Cordes on 3/19/14.  Thus, these fees should be reduced.

Courts should not award attorney's fees unless the prevailing party shows that the total number of hours claimed were not only reasonable, but also that particular hours were reasonably expended.  *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990); *Brown*, 2006 WL 3328194, at *3 ("hours which result from the case being 'overstaffed' or are 'excessive, redundant or otherwise unnecessary', even though actually expended, are not hours reasonably expended and are to be excluded from the calculation) (*quoting*

11

*Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990)).  The remedy for failure to submit bills containing complete details is not preclusion but, rather, reduction of the fees and costs claimed.  *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939 ("[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly"); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (deducting 13% from the average hourly rate for incomplete time records).

A review of the bills indicates instances of duplicative and excessive billings. Therefore, I find that a total 10% reduction of the fees claimed is appropriate.  *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939.

Accordingly, the undersigned concludes that the total of 380.25 hours expended for the work performed in this case is reasonable.

**Hourly Rates Claimed**

In determining the hourly rates for purposes of calculating the lodestar, the Court must determine a reasonable rate for each attorney at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.  *Hernandez*, 2012 WL 398328, at *14 (*citing Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)).  The burden is on the fee applicant to submit satisfactory evidence that the requested rate is aligned with prevailing market rates.  *Wheeler v. Mental Health & Mental Retardation Auth. of Harris County, Tex.*, 752 F.2d 1063, 1073 (5th Cir.1985).

Jones Walker seeks fees for Koehl at the hourly rate of $275.00, Wynne at the hourly rate of $250.00, Cordes at the hourly rate of $200.00, and paralegals Hilbert and Shelley B. Hewitt ("Hewitt") at the hourly rate of $125.00 - $130.00.

In his Affidavit, Koehl indicates that he has practiced law with Jones Walker since June 1, 1973, and was a Senior Partner through 2012.  [rec. doc. 72].  He currently serves as Special Counsel for the firm, and was the handling and supervising attorney in this case.  He was admitted to the Bar of the State of Louisiana on September 9, 1971, and subsequently served as a two-year term law clerk to United States District Judge Edward J. Boyle of the Eastern District of Louisiana.

During his entire tenure with Jones Walker, Koehl has practiced admiralty, maritime and offshore oil and gas law with a concentration in litigation.  From 1989 to 2000, he served as an Adjunct Professor at the Loyola University School of Law, where he taught maritime personal injury law.  He has an AV Preeminent Peer Review Rating in Martindale-Hubbell, has been listed in the Best Lawyers in American in the area of admiralty and maritime law annually since 2001, has been named one of the Louisiana Super Lawyers in the area of transportation/maritime annually since 2007, and was recognized as a 2013 Top Lawyer by *New Orleans Magazine*.

Wynne's Declaration states that he started practicing with Jones Walker on September 27, 2004, and became a partner on January 1, 2010.  [rec. doc. 74].  During his tenure, he has practiced admiralty, maritime and offshore oil and gas law with a

13

concentration in litigation.  He was admitted to the bar of the State of Louisiana in 2003, and subsequently served one year as a law clerk to Judge Berrigan of the Eastern District of Louisiana.  He has an AV Preeminent Peer Review Rating in Martindale-Hubbell, was named as a "Rising Star" in the area of transportation/maritime in the 2014 edition of Louisiana Super Lawyers, and has been recognized as a Top Lawyer by *New Orleans Magazine*.

In her Declaration, Cordes indicates that she was admitted to the bar of the State of Louisiana on October 24, 2013.  [rec. doc. 75].  Prior to working at Jones Walker as an associate, she clerked for the law firms of Gieger, Laborde & Laperouse LLC and Chaffe McCall, L.P., as well as Jones Walker.  She also worked as a summer intern for Judge Zainey of the Eastern District.  She has been employed as an associate with Jones Walker since September 3, 2013.

According to her Declaration, Hilbert has been employed with Jones Walker as a paralegal in the maritime section, with an emphasis on maritime litigation, since September 6, 2006. [rec. doc. 76].  Since 1976, she has worked as a paralegal in New Orleans with McGlinchey, Stafford, Mintz & Hoffman, Chaffe McCall and Liskow & Lewis.  During her career, she has performed paralegal services in the fields of real estate, vessel financing, oil and gas, bankruptcy, estates and successions, and maritime litigation.

In support of the fee application, Jones Walker submitted the Declaration of Douglas C. ("Longman, Jr."), who has been a partner with Jones Walker at its Lafayette, Louisiana location since 2009.  [rec. doc. 73].  Longman asserts that the rates submitted by his New Orleans colleagues are considered "reasonable and customary" in the Western District of Louisiana.

Murphy argues that, based on the market rates in the Western District of Louisiana, Jones Walker's attorneys hourly rates should be reduced to $235.00 per hour for Koehl, $210.00 per hour for Wynne, and $170.00 per hour for Cordes.  [rec. doc. 77, p. 16]. Murphy has "no serious objection" to the paralegals' requested hourly rate.

To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates in the community.  *Kellstrom*, 50 F.3d at 328.  A reasonable rate is the market rate.  *Conner v. Mid South Insurance Agency, Inc.*, 943 F.Supp. 663, 667 (W.D. La. 1996) (Little, J).  The "relevant community" for the purpose of awarding attorney fees is the judicial district in which the litigation occurred.  *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, 2011 WL 1595274, *3 (W.D. La. Apr. 21, 2011) (Hanna, J).

A comparison of cases shows that this Court has previously approved an hourly rate of $175.00 per hour for the trial attorney and $60.00 per hour for the paralegal pursuant to an indemnity provision in a maritime contract case.  *Brown*, 2006 WL 3328194, at *4.  Additionally, the undersigned has awarded $275.00 per hour in a maritime matter to Murphy's former counsel.  *A C Marine, Inc. v. Axxis Drilling, Inc.*,

2011 WL 1595438 (W.D. La. April 25, 2011) (hourly rate of $275.00 approved where no objection asserted).  Further, Judge Hanna of this District approved a fee of $175.00 per hour in a maritime contract case.  *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, 2011 WL 1595274, at *3 (W.D. La. Apr. 21, 2011).

In support of its hourly rates, Jones Walker cites *Hornbeck Offshore Services, L.L.C. v. Salazar*, 2011 WL 2214765, *8-9, *adopted in part, revised in part*, 2011 WL 2516907 (E.D. La. June 23, 2011) (Wilkinson, J), *rev'd on other grounds*, 713 F.3d 787 (5th Cir. 2013), in which the Court found that the hourly rates of $295 to $420 for partners and $180 to $195 for associates from Jones Walker, "although at the high end of the range of prevailing market rates" in the Eastern District of Louisiana, were reasonable given the facts of the case.  The Court notes that *Hornbeck* considered the New Orleans market, not Lafayette, which is in the Western District of Louisiana.

The undersigned notes that attorneys from the Jones Walker firm, as well as Murphy's counsel's firm, King, Krebs & Jurgens, P.L.L.C. ("KKJ"), have frequently appeared before this Court.  Additionally, a review of the sealed exhibit, attached to McDermott's Supplemental Response to Murphy's Objection to the Affidavit of Fees and Costs [rec. doc. 98, Exhibit A], reveals that the rates charged by KKJ in this case are even higher than Jones Walker's.  This belies KKJ's argument that Jones Walker's rates were excessive in this case.

Based on the fees set by courts in this area, I find that the some of the requested rates are beyond the higher end of the prevailing market rates.  Accordingly, I recommend that the Court assess fees at a rate of $275.00 per hour for Koehl, $250.00 per hour for Wynne, $300.00 per hour for Walsh, $150.00 per hour for Cordes, and $140.00 per hour for the law clerks.[2]

Jones Walker also seeks $125.00 to $130.00 per hour for paralegal fees. Although it is appropriate to seek fees for a paralegal's work on a file, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates."  *Cater v. Fidelity Nat. Ins. Co.*, 2009 WL 35342,*2 (E.D. La. Jan.6, 2009) (Roby, J) (*citing NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987)).  The Court notes that Murphy has "no serious objection" to the rate claimed by the paralegals.  Thus, the undersigned recommends the rate of $125.00 to $130.00 per hour for paralegal fees.[3]

### *Johnson* Analysis

The revised rates yield total fees of $69,448.50 for Koehl, $18,697.50 for Wynne, $74.25 for Walsh, $3,456.00 for Cordes, $409.50 for Hewitt, $2,511.90 for Hilbert, and $907.20 for the law clerks, respectively, for an aggregate total of $95,504.85.  There is a

---

[2]Jones Walker has not submitted a fee affidavit for Walsh.  The invoices indicate that Walsh billed .30 hours at the rate of $350.00.  Murphy has not filed an objection to the rates charged by Walsh or the law clerks.

[3]A lower hourly rate has been deemed reasonable for a paralegal, who typically has less training than a summer law clerk.  *Cater*, at *3.

strong presumption that this figure is reasonable.  *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).  However, the Court must still consider the twelve *Johnson* factors in step two of its lodestar analysis.  *Id.*; *Hernandez*, 2012 WL 398328, at *16.  Though the Court need not be "meticulously detailed" in its analysis, it must nonetheless articulate and clearly apply the twelve factors to determine how each affects the lodestar amount.  *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 823 (5th Cir.1996).

   The twelve *Johnson* factors are the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship

with the client, and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717.

A listing of the factors and analysis of each factor as it applies in this case follow.

(1) Time and labor involved: the lodestar adequately compensates time and labor

involved.  (2) Novelty and difficulty of the questions: indemnity issues are regularly

before this Court.  (3) The skill required to perform the legal services properly: the hourly

rate adequately compensates counsel for the level of skill required to handle this case

competently.  (4) Preclusion of other employment: no evidence was offered to establish

that this case precluded handling of other cases.  In addition,  the attorney's billing a total

of 422.50 hours by four attorneys, two paralegals and law clerks and over a two-year

period precludes such a finding.  (5) Customary fee: the hourly rates in indemnity cases in

this area range from $120.00 to $300.00; thus, the fees fall within this range.  (6) Fixed or

contingent fee: this case was billed on an hourly basis; thus, this factor does not justify

adjustment.[4]  (7) Time limitations: no evidence was adduced on this point.[5]  (8) The time

involved and the results obtained: this matter was resolved approximately two years after

the petition was filed; thus, the lodestar adequately compensates for this factor.  However,

---

[4]In *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 772 (5th Cir. 1996), the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor.  *See City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5]The seventh factor is subsumed in the number of hours reasonably expended.  *Walker*, 99 F.3d at 772.

as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment.  *Walker*, 99 F.3d at 771.  (9) The experience, reputation and ability of counsel: the lodestar adequately compensates for this factor.  (10) The undesirability of the case: no evidence was adduced on this point.  (11) The nature and length of the professional relationship with the client: Koehl indicates that McDermott contacted him to handle this case on June 20, 2012, which was approximately three weeks before this lawsuit was filed.  He also states that he has maintained a professional relationship with and has represented the various McDermott entities since the mid-1970s.  A lawyer in private practice may vary his fee for similar work in the light of the professional relationship of the client with his office. *Johnson*, 488 F.2d 714, 719 (5th Cir. 1974).  However, there is no indication that any fee adjustment occurred in this case.  (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees.

The lodestar is presumptively reasonable and should be modified only in exceptional cases.  *Dague*, 112 S.Ct. at 2641.  This is not such a case; the lodestar requires no adjustment.

**_Expenses_**

Finally, the request for costs and expenses totaling $45,077.85 in costs and expenses must be addressed.

McDermott listed the costs for the expert witness fees of D-O-R Lease Service, Inc. (Don Bazer) – $17,533.26; Seyler Favalora Ltd. (Carla Seyler) – $7,901.02; Pooler Consultants, Ltd. (Ben Pooler) – $6,932.50, and Kenneth Boudreaux, Ph.D. – $1,751.00, for a total of $34,117.78.  [rec. doc. 72, Exhibits K, L, M and N].  Additionally, McDermott claims $1,771.80 for the consulting fees of former employees, Gilbert Guerra and Gary Applebach, in obtaining information concerning the development and equalizing pump and related piping involved in Hefren's accident.  [rec. doc. 72, Exhibits O, P, and Q].

Murphy objects to McDermott's this request for costs, arguing that it should not be responsible for unnecessary fees of expert witnesses "that are extraneous to the defense on which McDermott ultimately prevailed – Mr. Hefren's suit was time barred by peremption," and that its maximum recovery should not exceed $2,018.72.  [rec. doc. 77, pp. 17, 19].  Specifically, Murphy argues that the fees for McDermott's expert witnesses should be disallowed as unnecessary because they were all incurred in 2014, which was after McDermott had filed its dispositive motion for summary judgment which was ultimately successful.

The record reflects that McDermott's Motion for Summary Judgment filed on the grounds of peremption was filed on February 17, 2014.  [rec. doc. 46].  At that time, a Scheduling Order was in place setting the jury trial for September 8, 2014; the discovery

deadline for January 7, 2014; defendants' expert report deadline for March 24, 2014, and the dispositive motion deadline for May 22, 2014.  [rec. doc. 33].

On April 9, 2014, Judge Doherty issued the Memorandum Ruling and Order granting McDermott's Motion for Summary Judgment [rec. docs. 53, 54], which Hefren appealed [rec. doc. 56].  Subsequently, McDermott filed a Motion for Partial Summary Judgment for Indemnity on May 22, 2014.  [rec. doc. 57].  The Fifth Circuit issued its mandate dismissing Hefren's appeal on June 30, 2014.  [rec. doc. 66].  Thereafter, Judge Doherty issued a Memorandum Ruling and Order granting McDermott's Motion for Partial Summary Judgment.  [rec. docs. 66, 67].

The undersigned observes that McDermott's expert reports were timely submitted between January, 2014 and March, 2014.  [rec. doc. 72, Exhibits 5, 6, 7].  Had McDermott lost its motion for summary judgment, which ruling was not issued until May 22, 2014, then McDermott would have missed the expert report deadline of March 24, 2014.  Thus, the undersigned finds that it was reasonable for McDermott to have incurred these expenses.

Murphy has not objected to the amount of expenses incurred.  Accordingly, I recommend that the Court award the full amount of $45,077.85 in costs and expenses.

## CONCLUSION

For the reasons assigned hereinabove, it is recommended that the sum of $95,504.85 be awarded to Jones Walker for attorney's fees and $45,077.85 in expenses, for a total of $140,582.70.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR.**

**1996).**

Signed this 20th day of January, 2015, at Lafayette, Louisiana.


C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE: 1/21/15
BY: cgc
TO: RFD