RECEIVED

AUG 27 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES HEFREN | CIVIL ACTION NO. 12-1899 |
| VERSUS | JUDGE DOHERTY |
| MURPHY EXPLORATION & PROD. CO., USA, ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

The "Affidavit of Fees and Costs" [Doc. 72], filed by McDermott, Inc. ("McDermott") was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation [Docs. 66 & 67]. A Report and Recommendation issued on January 20, 2015, whereby the Magistrate Judge recommended McDermott be awarded $95,504.85 in attorneys' fees and $45,077.85 in expenses, for a total of $140,582.70 [Doc. 104]. Murphy Exploration & Production Co., USA ("Murphy") has filed objections to the Report and Recommendation, and McDermott has filed a response thereto [Docs. 105, 106]. Murphy has filed an unopposed Motion to File a Reply to McDermott's Response [Doc. 107], which is herein GRANTED. After an independent review of the record, and considering the Objections and briefs filed, this Court adopts the Report and Recommendation for the reasons that follow.

**I.    Factual and Procedural Background[1]**

The instant litigation arises out of personal injuries allegedly sustained by plaintiff James Hefren, an employee of Murphy, while working on Murphy's FRONT RUNNER Spar as a lead

---

[1] For a more detailed discussion of the factual and procedural background in this matter, see Rec. Docs. 29, 48, 53, & 66.

operator. The plaintiff initially filed suit against McDermott and Murphy on June 4, 2012 in the 16th Judicial District Court for the Parish of St. Mary Louisiana, asserting causes of action against both defendants for negligence. Murphy removed the matter to this Court on the basis of OCSLA and diversity jurisdiction. A subsequent First Supplemental and Amending Complaint [Doc. 19] substituted McDermott, Inc. as a defendant in lieu of the improperly-named J. Ray McDermott Gulf Contractors, Inc., and on May 2, 2013, this Court entered summary judgment in favor of Murphy, dismissing with prejudice the plaintiff's tort claims against Murphy as barred by the exclusive remedy provisions of the Longshore & Harbor Workers' Compensation Act. Subsequently, the plaintiff's claims against McDermott were dismissed as perempted under La. Rev. Stat. §9:2772. Thereafter, this Court granted McDermott's motion for partial summary judgment, ruling McDermott was entitled to indemnity from Murphy for McDermott's costs of defense, attorney's fees, and expenses incurred in defending against the plaintiff's claims [Doc. 66, 67]. In light of the foregoing, McDermott was instructed to file an affidavit of attorneys' fees, which was referred to the Magistrate Judge for Report and Recommendation [Doc. 66, 67, 68].

On January 20, 2015, the Magistrate Judge issued his Report and Recommendation, and recommended therein that McDermott be awarded $95,504.85 in attorneys' fees and $45,077.85 in expenses, for a total recovery of total of $140,582.70 [Doc. 104].

Murphy objects to the magistrate judge's Report in the following particulars:

1. Murphy generally objects to the Report's finding a total of 380.25 hours of attorney and paralegal time were reasonably incurred by McDermott in obtaining its dismissal of Mr. Hefren's claims as untimely based on peremption, pursuant to LSA – R.S. 9:2772, for the following specific reasons:

    a. McDermott's motion for summary judgment on the grounds of

       peremption was based not on McDermott's own discovery efforts, but solely on materials obtained and filed by Murphy in its successful defense of Mr. Hefren's motion to remand and Murphy's successful motion for summary judgment to dismiss Mr. Hefren's complaint as well as Murphy's successful motion for partial summary judgment to McDermott's claim for contractual indemnity, and thus McDermott had failed to establish its particular hours were reasonably expended or incurred.

   b.   the Report distinguished the analysis of reasonableness of attorney's fees under a contractual indemnity provision from the reasonableness of attorney's fees under statutory provisions in which the reasonableness of the fees are based on the fees incurred only on the claims for which the party actually prevailed.

   c.   the Report was "not inclined to second – guess McDermott's litigation strategy" because "had Murphy agreed to indemnify McDermott earlier, Murphy could have directed the course of this litigation and avoided incurring the fees which McDermott now seeks to recover"

   d.   a 10% reduction across the board of the entirety of McDermott's attorneys hours (excluding those expended in recovering contractual defense, indemnity and attorneys' fees and costs) was an insufficient reduction in the amount of reasonable hours where the Court found specific instances of duplicative attorney effort and excessive time expended on the motion for summary judgment on the grounds of peremption

2.   Murphy generally objects to the Report's finding that a reasonable hourly rate in Lafayette, Louisiana for McDermott's counsel who were partners was $275.00 for a senior partner and $250.00 for a junior partner, for the following specific reasons:

   a.   the Report erred in applying rates charged by McDermott's New Orleans counsel, and not the "relevant market" of Lafayette, Louisiana

   b.   the Report erred in finding that $275.00 per hour for a senior partner and $250.00 per hour for a junior partner were reasonable hourly rates in the relevant market of Lafayette, Louisiana, when those rates are the largest rates ever awarded by this Court in an attorney fee dispute in which the reasonableness of the hourly rates has been disputed

      c.    the Report erred in rejecting an hourly rate $235.00 per hour for a senior partner and $210.00 for a junior partner as not being "reasonable rates", when those rates would have been the largest rates ever awarded by this Court in an attorney fee dispute in which the reasonableness of the hourly rates has been disputed

3.    the Report compared the rates charged by Murphy's own New Orleans counsel (submitted under seal) as evidence of the reasonableness of McDermott's rates in Lafayette

4.    Murphy objects to the Report's finding that $45,077.85 in costs, primarily for the fees of expert witnesses and discovery depositions, were reasonably incurred when McDermott ultimately prevailed on the untimeliness of Mr. Hefren's claims against it and no expert or other witness testimony or affidavits were proffered or needed to establish that defense.

## II. Standard of Review

Under 28 U.636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the standard of review of the district court under the circumstances presented herein is *de novo*. However, it is well-established the issue of attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983),[2] which Murphy is clearly attempting to accomplish by way of its Objections to the magistrate judge's Report and Recommendation.

The Court will briefly address each broad area of objection in turn.

### 1. Number of hours expended by and litigation strategy employed by McDermott

The first area of objection advanced by Murphy addresses the number of hours expended by McDermott and the overall litigation strategy employed in defending against the plaintiff's claims, including, primarily, the timing of certain motion practice. Specifically, Murphy argues had

---

[2] Because ambiguity exists over whether the amount of attorneys' fees and costs awarded is a dispositive or nondispositive issue, the Court will review all areas of objection de novo. *Compare Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992) (standard to be employed is clearly erroneous) and *Innovation Toys, LLC v. MGA Entertainment*, 2014 WL 1276346 *1 (E.D. La. Mar. 27, 2014) (report and recommendation was subject to de novo review).

McDermott filed its peremption motion for summary judgment earlier in the litigation process, it would not have incurred the bulk of its litigation expenses. Murphy simultaneously argues the peremption motion for summary judgment was based not on McDermott's own discovery efforts but solely on materials obtained and filed by Murphy in its successful defense of Mr. Hefren's motion to remand and in Murphy's filing of several additional successful motions. Rounding out the general objection on this ground, Murphy argues a 10% reduction of the overall hours expended by McDermott (380.25) is not sufficient.

The magistrate judge stated he was "not inclined" to second-guess McDermott's litigation strategy, nor is this Court inclined to do so. As an initial matter, the record shows McDermott's peremption motion for summary judgment was timely filed within the deadlines set forth within this Court's scheduling order, and in fact, was filed <u>three months before</u> the dispositive motion deadline contained within the Court's scheduling order. This Court concludes McDermott's strategy and decision-making as it pertains to when and under what circumstances to file such a motion are not for Murphy, or this Court, to question.

However, looming larger than the timing of the peremption motion is the reasonableness of McDermott's pursuing a defense of the plaintiff's claims on the merits at all. Murphy appears to argue McDermott's development of a merits defense was unnecessary because McDermott eventually sought dismissal on the basis of peremption. This argument is without merit. As McDermott argues, McDermott's peremption motion was based on a novel question of law and was challenged by the plaintiff. Indeed, review of this Court's ruling on the peremption issue shows the complexity of the issue and the nuances presented by the parties' arguments. Had McDermott not prevailed on its peremption motion, its merits defense would have had to have been well-developed

at that juncture of the litigation. The record also shows the seriousness of the plaintiff's claims; as a result of the plaintiff's injuries, the plaintiff could not return to work for Murphy and Murphy's compensation insurer had incurred in excess of $450,000.00 in medical expenses as of 2013. The plaintiff made a mediation demand of $1.85 million on January 23, 2014. Thus, McDermott argues, and this Court agrees, it was reasonable for McDermott to prepare a defense on the merits given the severity of the plaintiff's injuries and the novelty of the peremption issues contained within McDermott's motion. Had McDermott not prevailed on that motion, it was subject to substantial exposure at that juncture of the litigation.

Nor does it appear McDermott's motion was based solely upon previously-gathered information. Indeed, McDermott argues, and the record reflects, that in crafting its peremption motion, McDermott relied, in part, on the second Declaration of Ron Sloan, which was not available until Murphy filed its Motion for Summary Judgment on October 30, 2014. McDermott argues it relied heavily on the information in Mr. Sloan's Declaration to support its description of the structure of the FRONT RUNNER, which was crucial to McDermott's argument that the FRONT RUNNER is an immovable. McDermott further argues it filed its Motion for Summary Judgment only three months after the Sloan Affidavit was filed and therefore, McDermott did not rely solely on information gathered and utilized by Murphy.

Finally, Murphy's suggestion that McDermott may only recover the fees and costs related to McDermott's successful peremption motion for summary judgment *vis-a-vis* the plaintiff's claims is without merit. In this Court's ruling on McDermott's motion for summary judgment, this Court referred to the magistrate judge a determination of "the costs of defense, attorneys' fees and expenses incurred by McDermott in the defense of Mr. Hefren's claim." [Doc. 66]. This Court did not limit

McDermott's recovery of attorneys' fee and costs to the issue on which it prevailed, nor is such a limitation recognized under applicable Louisiana law. The magistrate judge noted that Murphy cited no authority to support the limitation of fees only to prevailing claims. Indeed, in support of its argument, Murphy cited to cases in which a party is awarded attorney's fees and costs under a federal statute, which is not the scenario presented by this case. Therefore, it was appropriate for the magistrate judge to consider all of the fees and costs incurred by McDermott in recommending the amount to be awarded.

### 2. Hourly Rates of Counsel

Murphy objects to the magistrate's judge's award of $275.00 per hour for senior partners and $250.00 for junior partners on grounds the magistrate judge erred in applying rates charged by McDermott's New Orleans counsel, as opposed to the argued "relevant" market of Lafayette, Louisiana.

To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates in the community. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). A reasonable rate is the market rate. *Conner v. Mid South Insurance Agency, Inc.*, 943 F.Supp. 663, 667 (W.D. La. 1996) (Little, J). The "relevant community" for the purpose of awarding attorney fees is the judicial district in which the litigation occurred. *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, 2011 WL 1595274, *3 (W.D. La. Apr. 21, 2011) (Hanna, J). A comparison of cases shows that this Court has previously approved an hourly rate of $175.00 per hour for a trial attorney and $60.00 per hour for a paralegal pursuant to an indemnity provision in a maritime contract case. *Brown*, 2006 WL 3328194, at *4. Magistrate Judge Hill has awarded $275.00 per hour in a maritime matter to Murphy's former counsel. *See, e.g., A C Marine, Inc. v. Axxis Drilling,*

*Inc.*, 2011 WL 1595438 (W.D. La. April 25, 2011) (hourly rate of $275.00 approved where no objection asserted). Further, Magistrate Judge Hanna approved a fee of $175.00 per hour in a maritime contract case. *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, 2011 WL 1595274, at *3 (W.D. La. Apr. 21, 2011).

In the instant case, Magistrate Judge Hanna noted that counsel for Murphy charged higher rates in this matter than counsel for McDermott, which belies Murphy's argument that McDermott's counsel's fees are excessive in this matter. Furthermore, Magistrate Judge Hill did not approve the entirety of the amounts requested by counsel for McDermott. Rather, Magistrate Judge Hill approved an amount lower than that requested by McDermott, but given the facts of this case and the novelty of the factual and legal issues involved, approved an hourly fee of $275.00 for the senior partner and $250.0 for junior partners. This Court will not disturb that recommendation.

3.   **Costs**

Finally, Murphy did not object to the amount of expenses incurred, therefore the magistrate judge awarded the full amount of $45,077.85 in costs and expenses. The magistrate judge reviewed these costs and expenses and found them to be reasonable and just, and therefore, this Court, after review of the record and mindful of the admonition against allowing the issue of attorneys' fees from becoming "a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), will not disturb the magistrate judge's recommendation, such recommendation appearing to be reasonable under the circumstances.

Considering the foregoing,

The Objections filed by Murphy Exploration & Production Co., USA ("Murphy") to the Report and Recommendation [Doc. 104] of the Magistrate Judge are hereby OVERRULED and

McDermott is awarded $95,504.85 in attorneys' fees and $45,077.85 in expenses, for a total of $140,582.70.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 21th day of August, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE